UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT W. WOOTTON,<br><br>                    Plaintiff,<br><br>     v.<br><br>WASHINGTON CORRECTION CENTER, SCOTT RUSSELL, FOOD MANAGER (UNKNOWN), AC COOKS (UNKNOWN), CORRECTION OFFICERS (UNKNOWN),<br><br>                    Defendants. | No. C12-5838 RBL/KLS<br><br>AMENDED ORDER TO AMEND OR SHOW CAUSE |

This Order is amended to correct the ECF docket reference of Plaintiff's proposed civil rights complaint as "ECF No. 5". In all other respects the order is identical to that filed on October 1, 2012.

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Presently before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 5. The Court will not direct service of Plaintiff's complaint at this time because it is deficient, as is explained in further detail below. However, Plaintiff will be given an opportunity to explain who his complaint should not be dismissed or, alternatively, to submit an amended complaint for the Court's review.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

AMENDED ORDER TO AMEND OR SHOW CAUSE- 1

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an inmate has failed to plead.  *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

AMENDED ORDER TO AMEND OR SHOW CAUSE- 2

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff alleges that his prescribed dietary needs are not being met by unnamed medical personnel at the Washington Correction Center (WCC).  ECF No. 5, p. 6.  He claims that following his insulin injections, he would go to the dining area to obtain his prescribed diet at the scheduled mainline meals, but unknown correction officers and unknown food service personnel would deliberately interfere with his medically prescribed dietary daily needs.  He alleges that unidentified staff, at every meal, would say eat what you can, and this has caused him to suffer low blood sugar and fear of suffering a diabetic coma.  *Id.*   He claims that on May 28 and 29, 2012, he suffered a medical incident, filed several grievances, and while he was detained at WCC, suffered through low blood sugar and several diabetic comas, but the WCC correction staff did nothing.  *Id.*

In his claim for relief, Plaintiff states that he has been transferred to the Washington State Penitentiary (WSP), but claims that "they are still denying me my prescribed daily dietary needs" and therefore, requests that the Court issue an immediate injunction to "manage nutritious dietary meals for medical prescribed diets."  *Id.*, p. 5.

AMENDED ORDER TO AMEND OR SHOW CAUSE- 3

A grievance form attached to Plaintiff's complaint dated June 21, 2012, reflects that Plaintiff complained that "AC Cooks" were not preparing medically prescribed nutritious food diets. *Id.*, p. 8. Scott Russell responded to the grievance, stating that Plaintiff had received proper medical attention, been prescribed medication and a snack to control his blood sugar, had been scheduled between the dates of June 1, 2012 and June 7, 2012 to receive insulin three times per day in the WCC infirmary, but had reported only twice per day. *Id.*

Based on the foregoing, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. To state a claim under § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To the extent Plaintiff is attempting to claim that he has been denied proper medical treatment, deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). Deliberate indifference includes denial, delay or intentional interference with a prisoner medical treatment. *Id* at 104-05. To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994). A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v.*

AMENDED ORDER TO AMEND OR SHOW CAUSE- 4

*Smith*, 974 F.2d 1050 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35, 113 S.Ct. 2475 (1993); *McGuckin*, 954 F.2d at 1059. Second the prison official must be deliberately indifferent to the risk of harm to the inmate. *Farmer*, 511 U.S. at 834. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Further, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980).

Here, however, Plaintiff has failed to state a claim upon which relief may be granted. He has failed to state what person, acting under color of state law, deprived him of any constitutional right. Instead, he claims that various unknown medical personnel at WCC did not meet his prescribed dietary needs and that various unknown correction officers and food services personnel persistently interfered with his medically prescribed daily dietary needs. He does not explain what those dietary needs are and he does not name the medical personnel or correction officers who failed to meet and/or interfered with those needs. This is not sufficient to state a claim under Section 1983. Plaintiff is required to name who harmed him, what they did, when they did it, and how their conduct violated a right protected by the United States Constitution.

Plaintiff also seeks injunctive relief against unnamed personnel at the WSP, where he was later transferred, but names no one at the WSP and again makes only the conclusory claim that

AMENDED ORDER TO AMEND OR SHOW CAUSE- 5

"they" are still denying him his prescribed daily needs. This Court cannot issue an order against individuals who are not parties to a suit pending before it. See *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969).

Plaintiff also names the Washington Corrections Center as a Defendant. However, Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Thus, as noted above, Plaintiff must set forth facts describing when, where and how *individually* named defendants deprived him of a federal constitutional right. An entity such as the Washington Corrections Center is not a "person" for purposes of a section 1983 civil rights action.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **October 26, 2012.** If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)   the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)   the dates on which the conduct of each Defendant allegedly took place; and

(3)   the specific conduct or action Plaintiff alleges is unconstitutional.

AMENDED ORDER TO AMEND OR SHOW CAUSE- 6

The amended complaint shall operate as a complete substitute to the present complaint. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  **Plaintiff is advised that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 26, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who

AMENDED ORDER TO AMEND OR SHOW CAUSE- 7

brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

**DATED** this  2nd   day of October, 2012.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

AMENDED ORDER TO AMEND OR SHOW CAUSE- 8