UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT W. WOOTEN,

                 Plaintiff,

   v.

WASHINGTON CORRECTION CENTER,
SCOTT RUSSELL, FOOD MANAGER
(UNKNOWN), AC COOKS (UNKNOWN),
CORRECTION OFFICERS (UNKNOWN),

                 Defendants.

No. C12-5838 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  December 21, 2012**

Before the Court is Plaintiff's motion for extension of time or alternatively, to voluntarily dismiss without prejudice.  ECF No. 10.  The undersigned recommends that this case be dismissed without prejudice.

**BACKGROUND**

On September 27, 2012, Plaintiff filed a prisoner civil rights complaint.   ECF No. 5.  On October 1, 2012, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to state a claim or to file an amended complaint by October 26, 2012.  ECF No. 7.  On October 24, 2012, Plaintiff requested additional time to respond to the Court's Order.  ECF No. 8.  The Court extended Plaintiff's deadline to November 20, 2012.  ECF No. 9.

On November 15, 2012, Plaintiff filed a letter addressed to the undersigned.  He states that he suffered a diabetic coma and he is presently being treated in the Washington State Penitentiary clinic.  Plaintiff states that it is "almost impossible" to gain access to his legal

REPORT AND RECOMMENDATION  - 1

materials at this time and does not know how long he will need to stay in the clinic. He asks for additional time to perfect his complaint or to dismiss his complaint without prejudice so that he can re-file when his condition is more stable. *Id.*

## DISCUSSION

Rule 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be dismissed by the plaintiff without order of court:

> (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

None of the defendants have been served in this matter. Because Plaintiff is uncertain as to the amount of time he will require before he feels able to address the issues raised in the Court's Order to Show Cause, the undersigned recommends that Plaintiff's request to dismiss his case without prejudice be granted. In his complaint, Plaintiff alleges events that occurred in or around May, 2012. Therefore, he has ample time to re-file his complaint if he chooses to do so. See, e.g., *Rose v. Rinaldi,* 654 F.2d 546, 547 (9th Cir. 1981) (plaintiff has three years to file a 42 U.S.C. 1983 action).

## WRITTEN OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

REPORT AND RECOMMENDATION  - 2

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 21, 2012**, as noted in the caption.

**DATED** this 30th day of November, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3